UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ALETA ALEASE GOODWATER, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | Civil Action<br>No. 16-cv-06995 (JBS-AMD) |
| v. |  |
| C C C FACILITY; SEAN DAVID KREBS, | **OPINION** |
| Defendants. |  |

APPEARANCES:

Aleta Alease Goodwater, Plaintiff Pro Se
1572 Park Blvd.
Camden, NJ 08103

**SIMANDLE, Chief District Judge:**

    1.    Plaintiff Aleta A. Goodwater seeks to bring a civil rights complaint pursuant to the 42 U.S.C. § 1983 against the Camden County Correctional Facility ("CCCF") and Sean David Krebs. Complaint, Docket Entry 1.

    2.    Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is

subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3. As it is clear from the face of the complaint that it is barred by the statute of limitations, the Court will dismiss the complaint with prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

4. Plaintiff alleges she was falsely arrested in 2009 as part of Operation Sunburst. She states: "[t]hey picked up Sean D. Krebs up in 2009 with 56 bags of crack [cocaine], being as that they kept Harassing Him after they let Sean go that same Day. Then that following week or month I shall say at the time I Aleta was a user so when task force seen him again task force was harassing me Aleta and I had my personal use on me and they charge me for Distribution which I was a user at the time." Complaint § III(c). She further alleges she suffered bed bug bites, germs, and mental stress while in CCCF. *Id.* § IV.

5. To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308

2

n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

6. Plaintiff brings this action for monetary damages pursuant to 42 U.S.C. § 1983,[1] for alleged violations of her constitutional rights. In order to set forth a *prima facie* case under § 1983, a plaintiff must show: "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v. Toledo,* 446 U.S. 635, 640 (1980)).

7. Generally, for purposes of actions under § 1983, "[t]he term 'persons' includes local and state officers acting under color of state law." *Carver v. Foerster*, 102 F.3d 96, 99 (3d Cir. 1996) (citing *Hafer v. Melo,* 502 U.S. 21 (1991)).[2] To

---

[1] Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.
[2] "Person" is not strictly limited to individuals who are state and local government employees, however. For example, municipalities and other local government units, such as counties, also are considered "persons" for purposes of § 1983.

say that a person was "acting under color of state law" means that the defendant in a § 1983 action "exercised power [that the defendant] possessed by virtue of state law and made possible only because the wrongdoer [was] clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citation omitted).

8. Because Plaintiff has not sufficiently alleged that a "person" deprived her of a federal right, the complaint does not meet the standards necessary to set forth a *prima facie* case under § 1983. Plaintiff seeks monetary damages from CCCF for allegedly unconstitutional conditions of confinement, alleging she was subjected to bed bug bites and germs while she was incarcerated there in 2009. Complaint § IV. The CCCF, however, is not a "person" within the meaning of § 1983; therefore, the claims against it must be dismissed with prejudice. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)). Because the claims against the CCCF must be dismissed with prejudice, the claims may not proceed and Plaintiff may not name the CCCF as a defendant.

---

*See Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978).

9. To the extent the complaint could be construed as raising false arrest claims against the Operation Sunburst officers, the claim is barred by the two-year statute of limitations. Civil rights claims under § 1983 are governed by New Jersey's limitations period for personal injury and must be brought within two years of the claim's accrual. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Claims for false arrest ... typically accrue on the date of the arrest ... because, at that point, the plaintiff has reason to know of the injury." *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013) (per curiam) (citing *Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998)).

10. Plaintiff states the arrest occurred in 2009. Complaint § III(b). Therefore, the statute of limitations for Plaintiff's claims expired in 2011 at the latest, well before this complaint was filed in 2016. Plaintiff has filed her lawsuit too late. Although the Court may toll, or extend, the statute of limitations in the interests of justice, certain circumstances must be present before it can do so. Tolling is not warranted in this case because the state has not "actively misled" Plaintiff as to the existence of her cause of action, there are no extraordinary circumstances that prevented Plaintiff from filing her claim, and there is nothing to

indicate Plaintiff filed her claim on time but in the wrong forum. *See Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014).

11. The statute of limitations has likewise expired on any state law defamation claim Plaintiff may have against Mr. Krebs or the Operation Sunburst officers. New Jersey law requires all defamation claims to be brought "within 1 year next after the publication of the alleged libel or slander." N.J. STAT. ANN. § 2A:14-3. The time to bring defamation claims expired in 2010.

12. As it is clear from the face of the complaint that it was filed after the expiration of the statute of limitations, the complaint is dismissed with prejudice, meaning Plaintiff may not file an amended complaint concerning the events of 2009. *Ostuni*, 532 F. App'x at 112 (affirming dismissal with prejudice due to expiration of statute of limitations).

13. For the reasons stated above, the complaint is dismissed with prejudice for failure to state a claim.

14. An appropriate order follows.

**April 25, 2017**         **s/ Jerome B. Simandle**
Date                       JEROME B. SIMANDLE
                           Chief U.S. District Judge